IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donald G. Hysell,                  :

    Plaintiff,                 :

  v.                               :     Case No. 2:06-cv-0170

Licking County Sheriff             :     JUDGE HOLSCHUH
Randy Thorp, et al.,
                                   :
    Defendants.

ORDER

    This is a §1983 case in which the plaintiff, Donald G. Hysell, claims that he was arrested and charged with several crimes in the absence of probable cause.  He also asserts that excessive force was used by some of the defendants while effecting his arrest.  The case is currently before the Court to consider two related motions filed by the defendants, one to extend the deadline for filing case-dispositive motions and the second for leave to file a summary judgment motion instanter on the issue of excessive use of force.  For the following reasons, both motions will be denied.

    The Court conducted a preliminary pretrial conference in this case on June 6, 2006.  In an order filed two days later, the Court established the dispositive motion filing date as May 1, 2007.  It is that date which the defendants seek to extend.  Their request is judged under the following legal standard.

    Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery.  The rule further provides that "[a] schedule shall not be modified except upon a

showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).  It is with these standards in mind that the instant motion will be decided.

The central question in this case (as it is in every case where extension of a deadline established in a pretrial order is requested) is the extent to which the moving party can show diligence in having attempted to meet the original deadline.  The following facts are pertinent to the Court's inquiry concerning the diligence with which the defendants pursued their proposed summary judgment motion.

The discovery cut-off in this case, also established by the preliminary pretrial order, was April 1, 2007.  Although that date was never extended by the Court, it appears that the parties mutually agreed to conduct discovery after that date, and several witnesses were deposed on April 25, 2007.  Defendants received transcripts of those depositions on May 16, 2007.  One week later, they requested an extension of time through June 8, 2007, to file an additional motion for summary judgment.  The record reflects that the defendants previously moved for summary judgment on a number of issues well before the dispositive motion filing date.  The issue addressed by the proposed motion for summary judgment is whether the defendants used excessive force in their arrest of the plaintiff and whether any of them are entitled to qualified immunity with respect to the excessive use of force claim.

According to Mr. Hysell's memorandum contra, there was a criminal trial in this case in state court at which Mr. Hysell, the defendants who arrested him, and other witnesses testified.  Some of that testimony related to the circumstances surrounding the arrest, including the excessive force claim.  As Mr. Hysell notes in his memorandum filed in opposition to the motion for leave to file the partial summary judgment motion instanter, Mr. Hysell's deposition was taken on March 5, 2007, almost two months before the motions filing date, and he gave additional testimony about the use of force claim at that time.

Mr. Hysell concedes that depositions were taken on April 25, 2007.  However, he asserts, without contradiction from the defendants, that only the deposition of Deputy Kimble related to the use of force claim.  As Mr. Hysell notes, Deputy Kimble is a defendant in this case, and defense counsel could have easily obtained an affidavit from him concerning the use of force prior to the time that his deposition was taken.  They also could have

obtained affidavits from the other defendants involved in that incident well prior to the May 1, 2007 motions filing date. Mr. Hysell argues that all of the information which could be used to support any motion for summary judgment on the excessive use of force claim was available to the defendants "months or years <u>before</u> that deadline...and that [n]o factual justification has been presented that would satisfy the relevant legal requirements" for extending the deadline. Plaintiff's memorandum contra to defendants' motion for leave to file partial summary judgment instanter, at 4.

In reply, defendants assert that although they had access to Deputy Kimble, they "believed it best to use the deposition transcripts" for purposes of the summary judgment motion. They note that his deposition was taken by agreement on April 25, 2007, which would have been too late for them to have filed a dispositive motion based on his testimony by May 1, 2007. They then argue that Mr. Hysell would not be prejudiced if they were to submit this motion in an untimely fashion. They also argue, in their motion for leave to file instanter, that the defendants should be permitted to raise qualified immunity at this stage of the case. It is with these facts in mind that the two motions will be decided.

It is clear that the defendants could easily have submitted a summary judgment motion on the issue of excessive use of force on or before May 1, 2007. The only specific item of discovery which occurred late enough in the case to affect their ability to file on that date was the deposition of Deputy Kimble. The Court notes, first, that the delay in taking this deposition was never approved by the Court because the Court never extended the discovery cut-off date beyond April 1, 2007. If the parties choose to conduct discovery after that date, they do so at their own risk, and any such discovery does not ordinarily provide a

4

basis for the extension of other court-established deadlines.

Further, by delaying filing their summary judgment motion until after Mr. Hysell took the deposition of Deputy Kimble, the defendants did not exercise reasonable diligence.  Because the deposition was noticed by Mr. Hysell, he was at liberty to cancel it at any time.  Had he simply cancelled the deposition, the Court would not be persuaded that the defendants should then have been given additional time to obtain an affidavit from Deputy Kimble in order to support a summary judgment motion.  Had the defendants concluded, for strategic reasons, not to file a motion on the use of force claim until Deputy Kimble was deposed, they could have scheduled his deposition and obtained a transcript well before May 1, 2007.  In the Court's experience, however, defending parties typically do not pursue that strategy, but rather support summary judgment motions with their own affidavits.  For these reasons, the Court simply cannot find that the defendants acted with the requisite level of diligence in attempting to meet the May 1, 2007 deadline for filing a summary judgment motion on the use of force issue.  Consequently, the remainder of the factors set forth under Rule 16(b) are largely irrelevant to the Court's decision.

The Court notes that defendants have argued that they should be able to raise qualified immunity with respect to the excessive use of force claim by filing a motion for summary judgment on that issue.  However, assuming they have adequately pleaded the qualified immunity defense, the defense can still be raised at trial even if no summary judgment motion has been presented.  See Pesek v. City of Brunswick, 794 F.Supp. 768 (N.D. Ohio 1992).  Further, the Court is entitled to restrict the raising of that defense, as well as any other defense, by requiring dispositive motions to be filed by a date set forth in a pretrial order, and the defendants simply cannot use the possibility of prevailing on

5

a qualified immunity defense as good cause for extending the dates in such an order.  See Rosario-Diaz v. Gonzalez, 140 F.3d 312, 316 (1st Cir. 1996).

For the foregoing reasons, the defendants' motion to extend the dispositive motion filing date (#34) and motion for leave to file a motion for partial summary judgment instanter (#36) are both denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge